FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

2016 MAR 10 P 12: 02

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| NANCY TONI | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No: 1:16-CV-264-LO/IDD |
| GIANT FOOD STORES, LLC | ) |
| & | ) |
| GIANT OF MARYLAND, LLC | ) |
| & | ) |
| AHOLD U.S.A., INC. | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Nancy Toni, by and through counsel, seeks judgment against Defendant Giant Food Stores, LLC, Giant of Maryland, LLC, and Ahold U.S.A., Inc. on the grounds and in the amounts set forth herein:

### Preliminary Statement

1. Nancy Toni relied upon the pharmacist at her local Giant Food to accurately re-fill her prescriptions when needed. What she never expected was that the pharmacist would be grossly reckless by placing the wrong pills in a container that purported to be the medicine that she was prescribed. As a result of the misrepresentation, Mrs. Toni had no idea that she was continuing to take a totally different pill intended to treat a medical condition issue that she did not have. Instead of re-filling her valium substitute (diazepam), the pharmacist at Giant put Glimepiride 4mg in a bottle labeled Diazepam 10mg. Glimepiride is a medication intended to reduce

blood sugar levels for diabetics. As Mrs. Toni would soon learn, when non-diabetics take Glimepiride, it reduces their blood sugar levels to dangerous levels that could cause strokes and even death. Because the pharmacist did not check the medication in the diazepam bottle to ensure that it was what the outside packaging stated before selling it to Mrs. Toni, she continued taking it even after she had been hospitalized twice for dangerously low blood sugar levels. The failure to place the correct pills in the prescription bottle marked diazepam caused Mrs. Toni to be rushed to the hospital on three separate occasions; terrified her and her family about what might be causing her reoccurring illness and left her with continuing gum and nerve pain. Plaintiff brings this action against the defendants for the negligent, grossly reckless, and willful acts in placing the wrong prescription pills in a bottle provided to Mrs. Toni. Defendants committed negligence and violated the Virginia Consumer Protection Act (VCPA) as codified at Virginia Code § 59.1-196 *et seq.* in providing its services to Mrs. Toni. As a result of Defendants' unlawful conduct, the Plaintiff is entitled to an award of compensatory damages, punitive damages, statutory damages, attorneys' fees, and the costs of bringing this action.

### Parties

2. Plaintiff, Nancy Toni, is a resident of the Commonwealth of Virginia, a consumer, and individual who purchased prescription drugs and services from defendants for personal, family, or household purposes through Giants Food's pharmacy located in its retail establishment in Falls Church, Virginia.

3. Defendants Giant Food Stores, LLC, Giant of Maryland, LLC, and AHOLD U.S.A., Inc. are believed to be related entities that operate as a retail

establishment that sells goods and provides services throughout the Commonwealth of Virginia. Giant Food Stores, LLC and Giant of Maryland, LLC are believed to be citizens of Maryland with Ahold U.S.A., Inc., is believed to be a publically traded limited liability company incorporated under Dutch law and registered in the Netherlands.

## Jurisdiction and Venue

4. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. The parties are each citizens of a different state as Plaintiff Nancy Toni is resident and citizen of the Commonwealth of Virginia and Defendant Giant Food Stores, LLC and Giant of Maryland, LLC are citizens of the State of Maryland. In addition, Ahold U.S.A., Inc., is believed to be a publically traded limited liability company incorporated under Dutch law and registered in the Netherlands. The amount in controversy of this action exceeds $75,000 exclusive of fees and costs.

5. Venue is proper in the Eastern District of Virginia, as it is the judicial district wherein the defendants regularly transact business and where a substantial part of the events relevant to this action occurred.

## Factual Allegations

6. Mrs. Toni ordered a refill of her prescriptions for diazepam (a valium substitute) from the Giant pharmacy located off Leesburg Pike in Falls Church, Virginia. On Sunday March 16, 2014, the refilled prescription was picked-up, and on Tuesday March 18, 2014, Mrs. Toni began taking the medicine that she recently received. Mrs. Toni typically took half of the pill four times a day: morning, noon, afternoon and before bed.

7. Unfortunately for Mrs. Toni the pharmacist, Liza F. Choudhury, who was acting in the scope of her employment as an employee of Defendants, put the wrong medicine in the right pill bottle creating a deadly and confusing situation.

8. The job of the pharmacist is to select the prescribed medication from its shelf and place the prescribed medication in the correct bottle. As to the facts of this case, Defendants failed in both instances.

9. The wrong medication began to affect Mrs. Toni physically, by Thursday night into early Friday morning March 21, 2014. She awoke in the middle of the night with irrational thoughts, stumbled into the living room, and just sat in a chair with her legs draped over the side. As Friday wore on, Mrs. Toni began experiencing double vision, was slurring her speech, could not stand up without losing her balance, and was extremely wobbly when trying to walk almost as if she were intoxicated. Matters became so grave, that Mrs. Toni ended up just lying on the floor. She felt as if she were dying. Mrs. Toni's family determined that she needed to go to the emergency room immediately. She continued to slur her speech, talk irrationally, and could barely keep her balance when trying to get to the car. Mrs. Toni said she craved chocolate, and she ate approximately half a small bag of peanut M&M's on her way to the emergency room.

10. After arriving at the emergency room of Virginia Hospital Center Friday night, Mr. Toni was very upset, and he informed the receptionist at the ER that he was worried that Mrs. Toni had suffered from a stroke. The ER staff rushed Mrs. Toni's admission for examination of her vital signs and took a test of her blood sugar level as she continued to exhibit slurred speech with the examining doctors. After testing her blood sugar levels, the doctor saw that said levels were in the 20s. The doctor said that

4

people with blood sugar levels that low usually are not talking. Mrs. Toni was given juice and glucose tablets in an effort to raise her blood sugar. The doctor asked Mrs. Toni if she ever had any issues with her blood sugar levels or if she was diabetic, and she said no.

11. Mrs. Toni's blood sugar levels went up and then fell again over the course of her time in the emergency room. Once the doctor got her blood sugar levels to stabilize, they admitted her to the hospital. Throughout Friday night, the hospital continued to monitor Mrs. Toni's blood sugar levels.

12. Mrs. Toni ended up staying the entire weekend of March 21 to March 23, 2014 in the hospital. The doctors had Mrs. Toni complete a 24 hour fast with a monitoring of her blood sugar levels. Over the course of the weekend, Mrs. Toni's blood sugar level began to normalize. With Mrs. Toni feeling better by Monday morning March 24, 2014, the hospital released her. The hospital provided Mrs. Toni with a blood glucose level monitoring system at the time of her release so that she could continue to monitor her blood sugar levels on her own at home.

13. During her hospitalization, Mrs. Toni noticed tingling in her facial nerves, tingling along her jaw, under her eyes, and in her checks, mouth, and gums as well as a burning sensation on her tongue and lips. The doctors did not know why this was occurring, but told her to drink less water because her level of water consumption was so high that the water was lowering her sodium count. These symptoms would continue throughout her entire ordeal and well after the discovery of Giant's placing the wrong medicine in the correct bottle when filling her prescription.

14. Over the course of her stay at the emergency room and hospital, Mrs. Toni received her medication from the hospital, and she did not take any of the pills that Defendants had provided her when it refilled her prescription for diazepam.

15. Over the course of Monday through Wednesday March 24-26, 2014, Mrs. Toni resumed taking her prescribed medications at home including the diazepam that the Giant Food pharmacy had provided her. Mrs. Toni started to feel sick again, and she used the blood sugar monitor to track her blood sugar level, and she observed that said levels were free falling. She contacted her general practitioner who suggested that she take some glucose tablets and drink juice. Because her blood sugar levels kept falling, by Thursday March 27, 2014, Mrs. Toni was back in the emergency room and was admitted to the hospital.

16. While in the hospital, Mrs. Toni was seen by the Endocrinology Group at Virginia Hospital Center, who monitored her treatment and placed her on a three day fast where they checked her blood sugar levels every four to six hours. Mrs. Toni understood that they were testing for insulinoma, which is an insulin producing tumor. This potential diagnosis caused Mr. and Mrs. Toni and their daughters fear and worry over the potential illness.

17. After completion of the three day fast, Mrs. Toni began to feel better as she had not taken any of the pills provided by the Giant pharmacy over the course of her stay at the hospital. The endocrinologist informed Mrs. Toni that she did not have a tumor, that she could go home, and Mrs. Toni should follow-up with them in a week. At this point, the doctor had no idea why Mrs. Toni's blood sugar level was repeatedly falling.

She had a follow-up appointment scheduled for April 4, 2014 with the endocrinologist, Dr. Go.

18. When she returned home, Mrs. Toni also returned to taking the medicine that she had purchased from the Giant Pharmacy. Mrs. Toni's blood sugar level started falling again, she felt extremely ill and was getting more and more scared. She called Dr. Go on Wednesday and told her of the problems. Dr. Go instructed Mrs. Toni to gather all her medicines together and bring them with her to her appointment on Friday April 4, 2014.

19. On Thursday April 3, 2014, Mrs. Toni felt extremely poor, but she marshalled all of her medicine in a bag to take to the doctor the next day. Mrs. Toni was exhausted and worn, so she took a whole pill of the diazepam that she received from the Giant pharmacy that night, thinking it would help her relax and lessen her upset and worry. Usually, Mrs. Toni only took a half a pill at night, but on this occasion her stress levels elevated to the point that she felt the need for the entire pill. As she became drowsy in the bed lying next to Mr. Toni she told him, "Don't let me die" just before she fell asleep.

20. Approximately, 4 a.m. on Friday morning April 4, 2014, Mr. Toni took a blood sugar level test of Mrs. Toni because he felt that she did not look good at all. After taking the test, Mr. Toni observed that the glucose level was back down in the 20s again. Concerned for her welfare, Mr. Toni placed Mrs. Toni in his wheelchair, and he took Mrs. Toni to the emergency room around 4:30 a.m. in the morning. Prior to leaving for the emergency room, Mr. Toni took the bag of home medicine that Mrs. Toni previously put together.

7

21. On arrival at the Virginia Hospital Center ER, Mrs. Toni was immediately treated. Mr. and Mrs. Toni requested that the emergency room doctor review the medications that she had brought with her. Upon this review, the doctor discovered that the diazepam provided by Giant Food's pharmacy was actually filled with Glimepiride, which is a medication prescribed to diabetics to lower their blood sugar level. The emergency room gave Mrs. Toni breakfast and then released her. Based upon information and belief, the emergency room also called the Giant Pharmacy and the endocrinology group.

22. After Mrs. Toni's visit to the emergency room, she met with Dr. Go for her scheduled appointment with the endocrinology group. Mrs. Toni informed the doctor of what had happened in the emergency room and about the medication prescription error. As a result, the doctor did a blood test to confirm the presence of the Glimepiride in Mrs. Toni's system, and the test was positive.

23. After leaving the doctor's office, Mrs. Toni went to the home of a daughter for a family moment. The entire experience was so unnerving that Mrs. Toni was shaking with her family. Unfortunately for her, the problems associated with Giant Pharmacy's actions would continue to haunt her for quite some time.

24. Afterward, Mr. Toni had gone to the Giant Pharmacy to tell them what had happened, and he spoke with Nicole Kear, R.Ph., who filed an incident report. Giant attempted to contact Mrs. Toni on a few occasions, but she was so upset about what had happened that she could not speak with them or deal with them further because they had caused extreme problems and in her opinion almost killed her by their actions.

25. Approximately four days later on April 8, 2014, Mrs. Toni was still experiencing the fall-out from receiving the wrong prescription. She still observed that she was not feeling herself and that she had facial numbness. She was unable to move on from what had happened because of the physical and emotional effects of her experience.

26. In mid-April 2014, Mrs. Toni visited a neurologist as she was still experiencing symptoms related to her facial nerves and gums tingling. Given the dangerously low blood sugar level that she had reached in the events described above, such nerve problems were proximately caused by the improper medicine that defendants had placed in her diazepam prescription bottle.

27. On or about May 15, 2014, Mrs. Toni visited her dentist, and she explained the continuing problem she had with the tingling in her nerves and gums. The dentist stated that extremely low blood sugar levels do affect facial nerves.

28. In the middle of May 2014, Mrs. Toni experienced another flare-up of facial nerve pain, so that she became concerned that maybe her blood sugar level was low. Mrs. Toni shook as she administered a blood sugar level test and the results came back normal. Just holding the meter made her fearful with her hands shaking and she broke down sobbing because she just could not shake the ordeal of what she went through with the medication error.

29. Mrs. Toni continued to experience facial nerve tingling in December 2014, and she met with neurologist Dr. Candace Bryan, who stated that the brain needs glucose to function and that the lack of glucose could cause damage to facial nerves. Later in January 2015, Mrs. Toni again met with Dr. Bryan regarding the facial nerve tingling.

30. As a direct result of the defendants' actions in placing the wrong medicine in the correct bottle, Mrs. Toni experienced significant damages including compensatory damages related to the stress and strain of the original ordeal and continuing damages related to the facial nerve tingling that continues to affect her.

## COUNT I
### Negligence

31. Paragraphs one (1) through thirty (30) are incorporated herein as if fully stated.

32. Defendants' employee pharmacist, Liza F. Choudhury, had a duty to give Mrs. Toni the correct prescription by placing the proper medicine in the correct bottle. Defendants' employee had a duty to use the same degree of skill and diligence in providing pharmacy services to Mrs. Toni as a reasonably prudent pharmacist would have used under the circumstances.

33. Defendants' employee pharmacist, Liza F. Choudhury, breached its duty to Mrs. Toni and was negligent and deviated from the required duty of care as to Mrs. Toni in the following respects: 1) the pharmacist failed to give Mrs. Toni the correct prescription medication and instead gave her incorrect medication; 2) the pharmacist failed to ensure that she was filing the correct prescription; and 3) the pharmacist failed to have appropriate policies and procedures in effect to prevent giving the wrong prescription medication in a mislabeled container to consumers like Mrs. Toni. These breaches of the standard of care constituted negligence.

34. The inappropriate medication, Glimepiride, caused Mrs. Toni to suffer a severe drop in her blood sugar level that caused immediate, lasting, and continuing

damage. But for Mrs. Toni's ingesting of the medication inaccurately provided to her from defendants' employee, she would not have suffered through the problems detailed in the factual averments in the Complaint.

35. As a direct and proximate cause of the negligent actions, Mrs. Toni suffered serious, lasting, and continuing injuries, pain, and suffering, inconvenience, humiliation, embarrassment, emotional anguish, decreased enjoyment of life, and significant medical expenses related to the hospital visits.

## COUNT II
### Violations of the Virginia Consumer Protection Act

36. Paragraphs one (1) through thirty-five (35) are incorporated as if fully stated.

37. Defendants are a "supplier" as defined by Va. Code § 59.1-198, in that it is a seller who "advertises, solicits, or engages in consumer transactions."

38. The transactions involving sale of the prescription drug and services related thereto constitute a "consumer transaction" as defined by Va. Code § 59.1-198.

39. Accordingly, the subject transaction is regulated by the VCPA as codified in Va. Code § 59.1-196 *et seq*.

40. Defendants violated Virginia Code §59.1-200A(14) which prohibits using any other deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction.

41. Defendants violated Virginia Code §59.1-200A(5) which prohibits misrepresenting that goods or services have certain quantities, characteristics, ingredients, uses or benefits.

42. Defendants' employee Liza F. Choudhury, both misrepresented and made a false promise that the prescription drug diazepam was in the prescription bottle labelled Diazepam 10mg when in fact Giant placed Glimeride 4mg in said bottle that it provided to Plaintiff. This misrepresentation of the medication in the diazepam bottle was what caused Mrs. Toni to continue taking the medication after the initial hospitalization.

43. Mrs. Toni suffered damages as a result of Defendants' misrepresentations, false promise, and misrepresentation of the source and contents of the prescription drug bottle provided. Mrs. Toni suffered serious, lasting, and continuing injuries, pain, and suffering, inconvenience, humiliation, embarrassment, emotional anguish, decreased enjoyment of life, and significant medical expenses related to the hospital visits.

44. Defendants' actions were willful and reckless in that no reasonable policy or procedure would have allowed for one prescription drug with a completely different name and purpose to be placed in a bottle containing a completely different label. Based upon information and belief, including whistleblower testimony about a similar retail pharmaceutical drug provider (CVS), pharmacists like the one at Giant are under time requirements to fill prescriptions in certain amounts of elapsed time; are under quota requirements that require a certain amount of prescriptions filled during a set time period, and have other responsibilities that effect the time and attention of the individuals placing the prescription in the labelled bottles including checking of voice mails and the administration of other services that decrease the amount of time for accurate prescription drug distribution. Discovery is necessary as to these constraints including other mistakes in prescription drug distribution to better protect the community at large in the Commonwealth of Virginia. Pharmacies like the defendants put profits before the safety

of consumers. As a result, Mrs. Toni also demands enhanced statutory damages of three times her compensatory damages as defendants willfully violated the VCPA based upon its business practices as previously discussed.

### Prayer for Relief

Wherefore, the plaintiff prays that the Court award the following relief:

a)   compensatory damages against Defendants;

b)   punitive damages against Defendants;

c)   enhanced statutory damages against Defendants based upon the willful violations of the VCPA;

d)   interest, pre-judgment interest, costs and reasonable attorneys' fees;

e)   all other further relief that this Court deems just and proper.

### Jury Demand

The Plaintiff demands a trial by jury on all issues.

Respectfully Submitted,
NANCY TONI

By: Counsel

A. Hugo Blankingship, III. (VSB# 26424)
Thomas B. Christiano (VSB#43940)
BLANKINGSHIP & CHRISTIANO, P.C.
11790 Sunrise Valley Dt., Suite 103
Reston, Virginia 20191
Tel: (571) 313-0412
Fax: (571) 313-0582